DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH SALVESON, State Bar #83788
Chief Labor Attorney
LAWRENCE HECIMOVICH, State Bar #129688
Deputy City Attorney
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3933
Facsimile:    (415) 554-4248
E-Mail:       larry.hecimovich@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO POLICE COMMISSION, and
SAN FRANCISCO POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW P. TONSING,<br><br>   Petitioner and Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE COMMISSION, and SAN FRANCISCO POLICE DEPARTMENT,<br><br>   Respondents and Defendants. | Case No. C09-01446-CW<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S PETITION FOR WRIT OF ADMINISTRATIVE MANDAMUS AND COMPLAINT FOR DAMAGES**<br><br>**F.R.C.P. 12(c)**<br><br>Hearing Date:   July 30, 2009<br>Time:           2:00<br>Courtroom:      Honorable Claudia Wilken<br><br>Trial Date:     None Set |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ....................................................................................................................................... 2

    I.    TONSING'S FIRST, SECOND AND THIRD CLAIMS FOR RELIEF UNDER SECTION 1094.5, POBAR AND 42 U.S.C. SECTION 1983 ARE UNTIMELY .2

    II.    TONSING'S FIRST, SECOND AND THIRD CLAIMS FOR RELIEF UNDER SECTION 1094.5, POBAR AND 42 U.S.C. SECTION 1983 ARE BARRED BY HIS FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES BEFORE THE COMMISSION ................................................................................... 3

    III.    TONSING'S FIRST CLAIM FOR RELIEF UNDER CODE OF CIVIL PROCEDURE SECTION 1094.5 IS IMPROPER AND THE RELIEF HE SEEKS IS NOT AVAILABLE UNDER THAT STATUTE ................................. 4

    IV.    TONSING'S SECOND CLAIM FOR RELIEF UNDER POBAR FAILS BECAUSE THE COMMISSION'S PROCEDURES COMPLY WITH POBAR'S REQUIREMENT THAT AN OFFICER SUBJECT TO PUNITIVE ACTION BE AFFORDED AN ADMINISTRATIVE APPEAL ........................... 4

    V.    TONSING'S THIRD CLAIM FOR RELIEF UNDER SECTION 1983 FAILS FOR THE ADDITIONAL REASON THAT TONSING FAILS TO IDENTIFY A CUSTOM, POLICY OR PRACTICE RENDERING THE COMMISSION SECRETARY'S ACTIONS THOSE OF THE COMMISSION ............................ 5

    VI.    TONSING'S FIFTH CLAIM FOR RELIEF FOR BREACH OF EMPLOYMENT CONTRACT IS NOT ACTIONABLE AGAINST DEFENDANTS ..................................................................................................... 5

    VII.    TONSING'S SIXTH CLAIM FOR RELIEF FOR "BREACH OF THE CITY CHARTER" IS NOT ACTIONABLE AS A CLAIM FOR DAMAGES, AS OPPOSED TO A CIVIL WRIT UNDER SECTION 1085, AND TONSING HAS NOT EXHAUSTED HIS ADMINISTRATIVE REMEDIES AS TO SUCH A WRIT PETITION ...................................................................................... 6

    VIII.    TONSING'S SEVENTH CLAIM FOR RELIEF FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS NOT ACTIONABLE AGAINST DEFENDANTS ..................................................................................................... 6

CONCLUSION ..................................................................................................................................... 7

# TABLE OF AUTHORITIES

**State Cases**

*American Funeral Concepts v. Board of Funeral Directors & Embalmers*
 (1982) 136 Cal.App.3d 303 ..................................................................................................4

*County of Los Angeles v. Superior Court*
 (2002) 102 Cal.App.4th 627 ..................................................................................................6

*Crupi v. City of Los Angeles*
 (1990) 219 Cal.App.3d 1111 .................................................................................................4

*Hill v. City of Long Beach*
 (1995) 33 Cal.App.4th 1684 ..................................................................................................5

*Kemmerer v. County of Fresno*
 (1988) 200 Cal.App.3d 1426 .................................................................................................6

*Kim v. Regents of the University of California*
 (2000) 80 Cal.App.4th 160 ..............................................................................................5, 6

*Lantzy v. Centex Homes*
 (2003) 31 Cal.4th 363 ............................................................................................................5

*Lopez v. Civil Service Commission of San Francisco*
 (1991) 232 Cal.App.3d 307 ...............................................................................................3, 6

*Lucas v. Santa Maria Public Airport District*
 (1995) 39 Cal.App.4th 1017 ..................................................................................................5

*Miller v. State of California*
 (1997) 18 Cal.3d 808 .............................................................................................................5

*Read v. City of Lynwood*
 (1985) 173 Cal.App.3d 437 ...................................................................................................6

*Redevelopment Agency v. Superior Court*
 (1991) 177 Cal.App.3d 792 ...................................................................................................3

*Searcy v. Hemet Uniied. School District*
 (1986) 52 Cal.3d 1 .................................................................................................................6

*Shoemaker v. Myers*
 (1990) 52 Cal.3rd 1 ................................................................................................................5

*Thorn v. City of Glendale*
 (1994) 28 Cal.App.4th 1379 ..................................................................................................6

*Walker v. Northern San Diego Hospital District*
 (1982) 135 Cal.App.3d 896 ...................................................................................................5

*Washington v. County of Contra Costa*
   (1995) 38 Cal.App.4th 890 ..................................................................................................7

*Zuniga v. Los Angeles County Civil Service Commission*
   (2006) 137 Cal.App.4th 1255 ..............................................................................................3

**State Statutes & Codes**
California Code of Civil Procedure
   §1085 ...................................................................................................................................6

California Code of Civil Procedure
   § 1086 ..................................................................................................................................4

California Code Of Civil Procedure
   § 1094.5 ...........................................................................................................................4, 6

California Code of Civil Procedure
   § 1094.5(f) ...........................................................................................................................4

California Government Code
   § 815(a) ...............................................................................................................................6

California Government Code
   § 815.6 .................................................................................................................................6

California Government Code
   § 3304(b) .............................................................................................................................5

**Federal Cases**
*Santa Maria v. Pacific Bell*
   (9th Cir. 2000) 202 F.3d 1170 ............................................................................................5

**Federal Statutes**
42 U.S.C.
   § 1983 ..............................................................................................................................2, 5

**San Francisco Statutes, Codes & Ordinances**
San Francisco Charter
   § A8.343...............................................................................................................................2

San FranciscoCharter
   § A8.344.....................................................................................................................1, 2, 3, 4

**INTRODUCTION**

Facing criminal charges for instigating one of the ugliest incidents in the history of the San Francisco Police Department, Officer Tonsing took a voluntary unpaid leave from April 2003 until January 2005, when the jury in his criminal case deadlocked. Complaint ¶¶ 9-11; Ex. C, General Order 2.07(c)(11)("leave of absence without pay"). Any right he might have to "backpay" for that period arises under the Charter, which provides that if, "after [trial by the Commission] he is exonerated of the charges," the Commission "may, in its discretion, order payment of salary to such member for the time on voluntary leave of absence without pay." Charter § A8.344.

Tonsing knew that if the Commission tried his case, it could terminate his employment and would almost certainly refuse to exercise its discretion to order him paid for the twenty-two months he spent with his criminal attorneys. Not surprisingly, Tonsing did not appear before the Commission to have his claims adjudicated and does not seek to do so now. Having circumvented the Commission, Tonsing cannot obtain "mandatory" relief that is, as a matter of statute, entirely dependent on his being exonerated **and** the Commission's exercise of discretion to pay him for his voluntary leave time.

Tonsing argues that the Court should usurp the Commission's role because the Commission purportedly refuses to hear his claims. The record, even as Tonsing describes it, is to the contrary. Far from resisting its jurisdiction, "from the moment Chief Sanders suspended Tonsing in March 2003 until … August 2008 … [the Commission] asserted Tonsing had to exhaust his administrative remedies before the PC." (Opp. 6:5-9) Tonsing points to a single instance in August 2008 when the Secretary (not the Commission itself) expressed the belief that, having retired, Tonsing was not entitled to a hearing. (Opp. 5:1-7) Tonsing fails to note that the Secretary, after researching the issue, concluded that he had erred and attempted to calendar a hearing, only to have Tonsing, once again, refuse to go forward. (Def. Ex. A)

Even if Tonsing were correct that he had the right to litigate his backpay claim in court, as opposed to before the Commission, he had no right to put that challenge on hold while he maneuvered to obtain disability retirement, stripping the Commission of its ability to terminate his employment based on his serious misconduct. Tonsing's three-and-one-half-year delay in positioning himself to bring this action renders his claims untimely. The Court should dismiss Tonsing's claims.

# ARGUMENT

## I. TONSING'S FIRST, SECOND AND THIRD CLAIMS FOR RELIEF UNDER SECTION 1094.5, POBAR AND 42 U.S.C. SECTION 1983 ARE UNTIMELY

Tonsing alleges that Defendants violated his rights in the following respects: 1) in March 2003, they failed to provide him "a prompt administrative hearing within five working days of his suspension to determine if he could return to duty" in violation of Charter section A8.344 and General Order 2.07.I.C.9 (Opp. 1:23-2:1); 2) in April 2003, they failed to file disciplinary charges "with the PC within 7 calendar days after Tonsing's suspension, as required by SFPD General Order 2.07.I.C.10" (Opp. 2:1-4); 3) in June 2003, Defendants continued Tonsing's suspension beyond "the three month maximum suspension allowed under Charter Section A8.343" (Opp. 1:20-23); and 4) in January 2005, they denied him a "backpay" hearing "when they reinstated him to duty…pending resolution of the disciplinary charges." (Opp. 5:17-21)  The statutes of limitations as to each of these alleged wrongs commenced on or before January 10, 2005, and thus have long since run.[1]

Tonsing's argument that the purported delay in providing him the opportunity for a hearing tolls the statute of limitations on his claims is wrong.  The Commission has repeatedly offered to adjudicate Tonsing's case - "from the moment Chief Sanders suspended Tonsing in March 2003 until … August 2008 … [the Commission] asserted Tonsing had to exhaust his administrative remedies before the PC."  (Opp. 6:5-9)  Tonsing rejected that offer.  To the extent Tonsing seeks something different than what the Commission process affords – such as a nondiscretionary backpay award without exoneration of the charged misconduct, as he seeks here – that has never been promised by or available through the Commission,[2] so that Tonsing lacks any grounds for tolling.  Accordingly, his claims are time-barred.

---

[1] Even if the August 2008 letter from the Commission Secretary had constituted an act of the Commission that would have tolled the limitations period, the statutes had run on each of Tonsing's claim before that letter was written.

[2] Tonsing concedes that Defendants repeatedly refused his request for backpay as "premature" pending submission of his disciplinary case for Commission adjudication. (Opp. 4:10-24; Complaint ¶ 18)

II. **TONSING'S FIRST, SECOND AND THIRD CLAIMS FOR RELIEF UNDER SECTION 1094.5, POBAR AND 42 U.S.C. SECTION 1983 ARE BARRED BY HIS FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES BEFORE THE COMMISSION**

Having argued that he was entitled to a hearing before the Commission and that the Commission violated his rights by not providing one, Tonsing now argues that the Commission has no jurisdiction to hear his appeal of his suspension. (Opp. 8-9, citing *Zuniga v. Los Angeles County Civil Service Commission* (2006) 137 Cal.App.4th 1255) Tonsing's argument misses the mark: Tonsing's *only* potential entitlement to salary for the period of his leave of absence arises under the Charter, which expressly conditions such right on the Commission: 1) exonerating him; and 2) exercising its discretion to afford him that pay:

> If a member of the uniformed ranks of the police and fire departments is suspended by the chief of the respective department pending hearing before the police or fire commission for charges filed against him and subsequently takes a voluntary leave of absence without pay pending his trial before the commission, and, **if after such trial he is exonerated of the charges filed against him, the commission** shall order payment of salary to such member for the time under suspension and **may, in its discretion, order payment of salary to such member for the time on voluntary leave of absence without pay**, and the report of such suspension and leave of absence without pay shall thereupon be expunged from the record of service of such member. Charter § A8.344 (emphasis supplied).[3]

For six years, Tonsing had the ability to proceed to hearing. Tonsing did not do so. Nor does he do so now. Even as the Commission is set to hear his case, Tonsing insists that he need not allow that trial to take place, and that he can instead sidestep the Commission and obtain mandatory, nondiscretionary relief in this action. Tonsing is wrong: no such relief is available to him. *Redevelopment Agency v. Superior Court,* (1991) 228 Cal.App.3d 1487, 1491 (where agency is legally required to accept, evaluate and resolve matter entrusted to its discretion, petitioner must obtain administrative determination prior to instituting court action). Having failed to exhaust his administrative remedies before the Commission, Tonsing is barred from litigating his claims in this court. *Lopez v. Civil Service Commission of San Francisco,* 232 Cal.App.3d 307, 314 (1991)(exhaustion of administrative appeal process necessary prerequisite to judicial action).

---

[3] Tonsing's jurisdictional argument incorrectly assumes that Tonsing, by failing to assert his claims pending his disability retirement to strip the Commission of jurisdiction, could somehow vest jurisdiction in this court to adjudicate those claims.

REPLY MPA ISO DEFS.' MOTION TO DISMISS PETITION, CASE NO. 09-01446 CW     3     n:\labor\li2009\090997\00567720.doc

III. **TONSING'S FIRST CLAIM FOR RELIEF UNDER CODE OF CIVIL PROCEDURE SECTION 1094.5 IS IMPROPER AND THE RELIEF HE SEEKS IS NOT AVAILABLE UNDER THAT STATUTE[4]**

Tonsing is not entitled to extraordinary relief because he has a remedy available through the Commission's procedures.  Charter, §A8.344.  Moreover, the relief Tonsing seeks from the Court -- "an Order directing Respondents and Defendants to rescind his unpaid suspension and restore any pay and benefits lost as result of his suspension" (Complaint, ¶ 34) – is not available under section 1094.5.[5] The Charter entrusts this matter to the sound discretion of the Police Commission, and this Court may not substitute its own determination for the Commission's.  See *American Funeral Concepts v. Board of Funeral Directors & Embalmers* 136 Cal.App.3d 303, 311 (1982) (rejecting the lower court's attempt to "cure" the agency's incorrect finding, and instead remanding the case to the agency for "proper consideration").

IV. **TONSING'S SECOND CLAIM FOR RELIEF UNDER POBAR FAILS BECAUSE THE COMMISSION'S PROCEDURES COMPLY WITH POBAR'S REQUIREMENT THAT AN OFFICER SUBJECT TO PUNITIVE ACTION BE AFFORDED AN ADMINISTRATIVE APPEAL**

In arguing that the Commission procedures do not afford him the hearing rights required under POBAR, Tonsing ignores *Crupi v. City of Los Angeles* 219 Cal.App.3d 1111 (1990).  There, in reversing an award of backpay to the suspended officer, the court held that "until the administrative process was complete, [the trial court] could not determine" whether the process afforded was adequate.  *Id.* at 1120-1121.  As in *Crupi,* the City Charter and the Department's General Orders establish an administrative scheme that provides the right of appeal set out in Section 3304(b), and Tonsing cannot challenge those procedures without first allowing the Commission process to unfold.

---

[4] Tonsing's first claim for relief is additionally barred by Tonsing's failure to verify his petition, as required for any writ petition.  *Code Civ. Proc.* § 1086 (writ may issue "upon the verified petition of the party beneficially interested").

[5] Section 1094.5(f) provides:

> The Court shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ.  Where the judgment commands that the order or decision be set aside, it may order the reconsideration of the case in the light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law, but **the judgment shall not limit or control in any way the discretion legally vested in the respondent**.  (Emphasis supplied)

V. **TONSING'S THIRD CLAIM FOR RELIEF UNDER SECTION 1983 FAILS FOR THE ADDITIONAL REASON THAT TONSING FAILS TO IDENTIFY A CUSTOM, POLICY OR PRACTICE RENDERING THE COMMISSION SECRETARY'S ACTIONS THOSE OF THE COMMISSION.**

Tonsing concedes that the only action denying him a hearing was the Commission Secretary's initial indication that Tonsing's retirement rendered a hearing unnecessary, but insists that this decision must be attributed to the Commission itself. (Opp. 12:6-24) The Secretary's erroneous refusal to request the Commission to calendar his hearing in November 2008 does not constitute a determination binding on the Commission. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000); *Lantzy v. Centex Homes*, 31 Cal.4th 363, 383 (2003). Moreover, the Secretary immediately reversed course and allowed Tonsing's claim to proceed to hearing. The Secretary's action in delaying scheduling of the hearing was based on the highly unusual nature of Officer Tonsing's situation, such that Tonsing cannot show (and has not pleaded) a custom, policy or practice.

VI. **TONSING'S FIFTH CLAIM FOR RELIEF FOR BREACH OF EMPLOYMENT CONTRACT IS NOT ACTIONABLE AGAINST DEFENDANTS**

Tonsing's opposition does not address the authorities, on all fours with this case, holding that a public employee may not sue his employer for breach of contract. *Miller v. State of California,* 18 Cal.3rd 808, 813 (1997); *Shoemaker v. Myers*, 52 Cal.3rd 1, 22 (1990) (upholding dismissal of a public employee's contract claim without leave to amend); *Kim v. Regents of the University of California*, 80 Cal.App.4th 160, 163-165 (2000)(" civil service employees cannot state a cause of action for breach of contract or breach of the covenant of good faith and fair dealing"). Tonsing's reliance on *Walker v. Northern San Diego Hospital District,* 135 Cal.App.3d 896 (1982), is misplaced. The issue in *Walker* was whether the employee was entitled to "for cause" protections under the employer's policies, as opposed to being at will and without procedural safeguards.[6]

---

[6] A host of more recent decisions have criticized *Walker* as confused and poorly reasoned. See *Lucas v. Santa Maria Public Airport District,* 39 Cal.App.4th 1017, 1025 (1995)(citing cases); *Hill v. City of Long Beach,* 33 Cal.App.4th 1684, 1691 (1995)("we decline to adopt *Walker'*s reasoning given that it ignores the law and does not even attempt to reconcile its holding with *Miller*").

VII. **TONSING'S SIXTH CLAIM FOR RELIEF FOR "BREACH OF THE CITY CHARTER" IS NOT ACTIONABLE AS A CLAIM FOR DAMAGES, AS OPPOSED TO A CIVIL WRIT UNDER SECTION 1085, AND TONSING HAS NOT EXHAUSTED HIS ADMINISTRATIVE REMEDIES AS TO SUCH A WRIT PETITION**

Tonsing cites *Read v. City of Lynwood,* 173 Cal.App.3d 437 (1985) for the proposition that he can bring a civil claim for damages based on Defendants' alleged noncompliance with the Charter. *Read* does not support Tonsing. In *Read*, the court allowed the plaintiff to proceed with a claim for tortious wrongful termination, buttressed by the allegation that the defendant had violated its own ordinances in dismissing her. At the same time, the court affirmed dismissal of Read's claim for breach of contract / covenant. *Id.* at 440. The First District court of appeal in *Kim, supra*, 80 Cal.App.4th 160, 165, affirms that *Read's* holding should be narrowly construed as allowing a claim for tortious discharge as opposed to violation of ordinance. The court of appeal in *Kemmerer v. County of Fresno*, 200 Cal.App.3d 1426, 1434 (1988) concurred, finding that any interpretation of *Read* that would authorize a civil claim for breach of a Charter provision would be "inconsistent with Supreme Court and other cases on the subject." *Id.*

Tonsing's sole remedy for an alleged violation of the City Charter is to seek a writ of mandate under Code of Civil Procedure section 1085, subject to the same exhaustion requirements that apply to writ petitions brought under section 1094.5. *Lopez v. Civil Service Commission of San Francisco,* 232 Cal.App.3d 307, 309 (1991).

VIII. **TONSING'S SEVENTH CLAIM FOR RELIEF FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS NOT ACTIONABLE AGAINST DEFENDANTS**

In "California all government tort liability is dependent on the existence of an authorizing statute or 'enactment.'" *Searcy v. Hemet Unif. Sch. Dist*., 177 Cal.App.3d 792, 802, citing *Govt. Code* §§ 815(a), 815.6. A plaintiff suing a public entity must plead, among other things, that the defendant violated a mandatory duty imposed by a statute or regulation. *Id.* "Since the duty of a governmental agency can only be created by a statute or enactment, the statute or enactment claimed to establish the duty must at the very least be identified [in the complaint]." *County of Los Angeles v. Superior Court* (2002) 102 Cal.App.4th 627, 638 (internal quotations and citations omitted). Tonsing's intentional infliction claim is a common law claim, not based on statute or constitutional provisions. As such, it fails to state a claim against Defendants. *See, e.g., Thorn v. City of Glendale* (1994) 28 Cal.App.4th

1379, 1384-1385 (trial court properly sustained city's demurrer to tort claim where plaintiff could not plead a statutory basis for claim); *Washington v. County of Contra Costa* (1995) 38 Cal.App.4th 890, 898-899 (affirming demurer without leave to amend where plaintiffs could not show county's breach of specific statutory mandate).

## CONCLUSION

For each of the reasons set forth above, the Court should dismiss Tonsing's Complaint

Dated:  July 14, 2009

DENNIS J. HERRERA
City Attorney
ELIZABETH SALVESON
Chief Labor Attorney
LAWRENCE HECIMOVICH
Deputy City Attorney

By:s/Lawrence Hecimovich
LAWRENCE HECIMOVICH